GOULD, Circuit Judge,
concurring in part and concurring in the judgment:
I concur in all of Judge Graber’s opinion, except Part III.A.2.b., and concur in the judgment. I agree with the crux of the analysis that we should overrule Atwood, and that our review under Firestone should be for abuse of discretion, taking into account any conflict of interest. Rather than adopt yet another approach to this problem, however, I would follow those of our sister circuits that have adopted a “sliding scale” assessment: The degree of deference given an administrator’s decision should be reduced when the administrator *978 has a conflict of interest, and the greater the conflict, the less the deference to be given. See Stup v. Unum Life Ins. Co. of Am., 390 F.3d 301, 307 (4th Cir.2004); Fought v. Unum Life Ins. Co. of Am., 379 F.3d 997, 1004 (10th Cir.2004) (per curiam); Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 390-93 (3d Cir.2000); Vega v. Nat’l Life Ins. Servs., Inc., 188 F.3d 287, 297 (5th Cir.1999) (en banc); Woo v. Deluxe Corp., 144 F.3d 1157, 1161— 62 (8th Cir.1998).